IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT

| | | |
|---|---|---|
| MARCUS SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | NO. 3:13-cv-01174 MJR-PMF |
| | ) | |
| JASON PRINDABLE, | ) | |
| SENELA KONJERIS, | ) | |
| | ) | |
| Defendants. | ) | |

COMPLAINT

NOW COMES the Plaintiff, MARCUS SMITH, and in support of his Complaint states the following:

1. For all relevant times Plaintiff MARCUS SMITH is an individual and resident of St. Clair County, Illinois.

2. For all relevant times Defendant JASON PRINDABLE, is an individual and upon information and belief both resides and is employed in the Southern District of Illinois.

3. For all relevant times Defendant SELELA KONJERIS, is an individual and upon information and belief both resides and is employed in the Southern District of Illinois.

4. This action is brought pursuant to 42 U.S.C. § 1983.

5. On the 15th day of March, 2012, the Plaintiff was present as a passenger in an automobile. The automobile was being driven by Deonte Billups. The vehicle was travelling on 37th and Caseyville, East St. Louis, Illinois.

6. Defendant PRINDABLE and KONJERIS were for all relevant times working together as law enforcement agents in what is referred to as "W.A.V.E." W.A.V.E. is an acronym for Working Against Violent Elements. W.A.V.E. is comprised of a mixture of federal, state and local law enforcement agents who operate within the Southern District of Illinois.

7. On the above date, Defendants PRINDABLE and KONJERIS, while working together in W.A.V.E. conducted a traffic stop of the vehicle Deonte Billups was operating.

8. Defendant PRINDABLE and KONJERIS, along with fellow officers, approached the stopped vehicle. After a short period of time the vehicle began to move forward. Defendant PRINDABLE and KONJERIS had visually detected what appeared to be a handgun located under the driver's seat. When the vehicle began to move forward both Defendant PRINDABLE and KONJERIS opened fire upon the vehicle and its occupants with their department issued firearms (both .40 caliber Glock Model 22). The Defendants fired a total of at least eleven (11) and maybe as many as seventeen (17) .40 caliber rounds into the vehicle striking the Plaintiff five (5) times.

9. At no time did the Plaintiff display a firearm towards any law enforcement officers.

10. The Plaintiff was struck by gunfire at least 5 times.

11. The Plaintiff suffered physical injuries to his chest, back, from the gunshot wounds. He suffered a fractured rib, lung contusion. His physical injuries required surgical intervention.

Count I – Excessive Force via 42 U.S.C. 1983

Versus Defendant PRINDABLE

In support of Count 1 of this Complaint the Plaintiff restates and realleges paragraphs 1 through 11 infra.

12. At all relevant times Defendant PRINDABLE acted under the color of law. Defendant PRINDABLE was initially present in a law enforcement vehicle, wearing law enforcement clothing, using a law enforcement issued firearm, and identifying himself as a police officer.

13. The fourth amendment states "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

14. At all relevant times Defendant PRINDABLE used unreasonably excessive force against the Plaintiff. At no time did Plaintiff act in any manner that required Defendant PRINDABLE to shoot him with a firearm. Defendant PRINDABLE'S use of deadly force against the Plaintiff was excessive as the Plaintiff was merely a passenger in a car where a weapon was not used nor threatened to be used against any of the law enforcement officers at the scene. The Plaintiff at no time possessed a firearm but was merely a passenger in a vehicle where one was located under the driver's seat.

15. A reasonable officer would not have used deadly force against the Plaintiff.

16. The Plaintiff was proximately harmed when he was shot numerous times by Defendant PRINDABLE.

17. The Plaintiff sustained injuries from Defendant PRINDABLE'S actions that required medical treatment. He sustained medical bills therefrom.

WHEREFORE the Plaintiff prays for judgment in his favor and against Defendant Prindable, and an award of :

A. compensatory damages for medical care and supplies Plaintiff reasonably needed and received;

B. Lost wages suffered by the Plaintiff due to his medical care and recovery;

C. Physical and emotional pain and suffering.

D. Punitive damages.

E. An award of attorney's fees pursuant to section 1988.

Count II – Excessive Force 42 U.S.C. 1983

Versus Defendant KONJERIS

In support of Count 1 of this Complaint the Plaintiff restates and realleges paragraphs 1 through 11 infra.

18. At all relevant times Defendant KONJERIS acted under the color of law. Defendant KONJERIS was initially present in a law enforcement vehicle, wearing law enforcement clothing, using a law enforcement issued firearm, and identifying himself as a police officer. And, Defendant KONJERIS was acting in conjunction with the Illinois State police officers and other W.A.V.E.

officers when she had contact with the Plaintiff. Accordingly, Defendant KONJERIS was complicit with Defendant PRINDABLE when she shot the Plaintiff with her firearm.

19. The fourth amendment states "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

20. At all relevant times Defendant KONJERIS used unreasonably excessive force against the Plaintiff. At no time did Plaintiff act in any manner that required Defendant KONJERIS to shoot him with a firearm. Defendant KONJERIS' use of deadly force against the Plaintiff was excessive as the Plaintiff was merely a passenger in a car where a weapon was not used nor threatened to be used against any of the law enforcement officers at the scene. The Plaintiff at no time possessed a firearm but was merely a passenger in a vehicle where one was located under the driver's seat.

21. A reasonable officer would not have used deadly force against the Plaintiff.

22. The Plaintiff was proximately harmed when he was shot numerous times by Defendant KONJERIS.

23. The Plaintiff sustained injuries from Defendant KONJERIS' actions that required medical treatment. He sustained medical bills therefrom.

WHEREFORE the Plaintiff prays for judgment in his favor and against Defendant KONJERIS, and an award of :

A.  compensatory damages for medical care and supplies Plaintiff reasonably needed and received;

B.  Lost wages suffered by the Plaintiff due to his medical care and recovery;

C.  Physical and emotional pain and suffering.

D.  Punitive damages.

E.  An award of attorney's fees pursuant to section 1988.

Count III - False Arrest via 42 U.S.C 1983

Versus Defendant Prindable

In support of Count 1 of this Complaint the Plaintiff restates and realleges paragraphs 1 through 11 infra.

24. At all relevant times Defendant PRINDABLE acted under the color of law. Defendant PRINDABLE was initially present in a law enforcement vehicle, wearing law enforcement clothing, using a law enforcement issued firearm, and identifying himself as a police officer.

25. The fourth amendment states "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

26. At all relevant times Defendant PRINDABLE did not have probable cause to arrest the Plaintiff for the offense of Aggravated Unlawful Use of a Weapon in violation of 720 ILCS 5/24-1.6, a Class 4 felony offense.

27. 720 ILCS 5/24-1.6 states "(a) a person commits the offense of aggravated unlawful use of a weapon when he or she knowingly: (1) carries on or about his or her person or in any vehicle …any pistol, revolver, … or other firearm;"

28. Despite the fact that no probable cause existed to arrest the Plaintiff for the aforementioned charge, Defendant PRINDABLE caused the Plaintiff to be arrested on those charges.

29. The Plaintiff had at no relevant time carried on his person or in any vehicle any pistol, revolver, or firearm.

WHEREFORE the Plaintiff prays for judgment in his favor and against Defendant PRINDABLE, and an award of :

A. Lost wages suffered by the Plaintiff due to his incarceration;

B. Physical and emotional pain and suffering.

C. Punitive damages.

D. An award of attorney's fees pursuant to section 1988.


Count IV – False Arrest via 42 U.S.C. 1983

Versus Defendant Konjeris

In support of Count 1 of this Complaint the Plaintiff restates and realleges paragraphs 1 through 11 infra.

30. At all relevant times Defendant KONJERIS acted under the color of law. Defendant KONJERIS was initially present in a law enforcement vehicle, wearing law enforcement clothing, using a law enforcement issued firearm, and identifying himself as a police officer. And, Defendant KONJERIS was

    acting in conjunction with the Illinois State police officers and other W.A.V.E. officers when she had contact with the Plaintiff. Accordingly, Defendant KONJERIS was complicit with Defendant PRINDABLE when she shot the Plaintiff with her firearm.

31. The fourth amendment states "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

32. At all relevant times Defendant KONJERIS did not have probable cause to arrest the Plaintiff for the offense of Aggravated Unlawful Use of a Weapon in violation of 720 ILCS 5/24-1.6, a Class 4 felony offense.

33. 720 ILCS 5/24-1.6 states "(a) a person commits the offense of aggravated unlawful use of a weapon when he or she knowingly: (1) carries on or about his or her person or in any vehicle …any pistol, revolver, … or other firearm;"

34. Despite the fact that no probable cause existed to arrest the Plaintiff for the aforementioned charge, Defendant KONJERIS caused the Plaintiff to be arrested on those charges.

35. The Plaintiff had at no relevant time carried on his person or in any vehicle any pistol, revolver, or firearm.

WHEREFORE the Plaintiff prays for judgment in his favor and against Defendant KONJERIS, and an award of :

A.    Lost wages suffered by the Plaintiff due to his incarceration;

B. Physical and emotional pain and suffering.

C. Punitive damages.

D. An award of attorney's fees pursuant to section 1988.

Count V – Excessive Force via Bivens

Versus Defendant KONJERIS

In support of Count 1 of this Complaint the Plaintiff restates and realleges paragraphs 1 through 11 infra.

36. At all relevant times Defendant KONJERIS acted under the color of federal law in that she was an on duty member of the Federal Bureau of Investigation. Defendant KONJERIS was initially present in a law enforcement vehicle, wearing law enforcement clothing, using a law enforcement issued firearm, and identifying himself as a police officer. And, Defendant KONJERIS was acting in conjunction with the Illinois State police officers and other W.A.V.E. officers when she had contact with the Plaintiff. Accordingly, Defendant KONJERIS was complicit with Defendant PRINDABLE when she shot the Plaintiff with her firearm.

37. The fourth amendment states "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

38. At all relevant times Defendant KONJERIS used unreasonably excessive force against the Plaintiff.  At no time did Plaintiff act in any manner that required Defendant KONJERIS to shoot him with a firearm.  Defendant KONJERIS' use of deadly force against the Plaintiff was excessive as the Plaintiff was merely a passenger in a car where a weapon was not used nor threatened to be used against any of the law enforcement officers at the scene.  The Plaintiff at no time possessed a firearm but was merely a passenger in a vehicle where one was located under the driver's seat.

39. A reasonable officer would not have used deadly force against the Plaintiff.

40. The Plaintiff was proximately harmed when he was shot numerous times by Defendant KONJERIS.

41. The Plaintiff sustained injuries from Defendant KONJERIS' actions that required medical treatment.  He sustained medical bills therefrom.

WHEREFORE the Plaintiff prays for judgment in his favor and against Defendant KONJERIS, and an award of :

A. compensatory damages for medical care and supplies Plaintiff reasonably needed and received;

B. Lost wages suffered by the Plaintiff due to his medical care and recovery;

C. Physical and emotional pain and suffering.

D. Punitive damages.

E. An award of attorney's fees pursuant to section 1988 and the Equal Access to Justice Act Subsections (b) and (d).

Count IV – False Arrest via Bivens

Versus Defendant Konjeris

In support of Count 1 of this Complaint the Plaintiff restates and realleges paragraphs 1 through 11 infra.

42. At all relevant times Defendant KONJERIS acted under the color of federal law in that she was an on duty member of the Federal Bureau of Investigation. Defendant KONJERIS was initially present in a law enforcement vehicle, wearing law enforcement clothing, using a law enforcement issued firearm, and identifying himself as a police officer. And, Defendant KONJERIS was acting in conjunction with the Illinois State police officers and other W.A.V.E. officers when she had contact with the Plaintiff. Accordingly, Defendant KONJERIS was complicit with Defendant PRINDABLE when she shot the Plaintiff with her firearm.

43. The fourth amendment states "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

44. At all relevant times Defendant KONJERIS did not have probable cause to arrest the Plaintiff for the offense of Aggravated Unlawful Use of a Weapon in violation of 720 ILCS 5/24-1.6, a Class 4 felony offense.

45. 720 ILCS 5/24-1.6 states "(a) a person commits the offense of aggravated unlawful use of a weapon when he or she knowingly: (1) carries on or about his or her person or in any vehicle …any pistol, revolver, … or other firearm;"

46. Despite the fact that no probable cause existed to arrest the Plaintiff for the aforementioned charge, Defendant KONJERIS caused the Plaintiff to be arrested on those charges.

47. The Plaintiff had at no relevant time carried on his person or in any vehicle any pistol, revolver, or firearm.

WHEREFORE the Plaintiff prays for judgment in his favor and against Defendant KONJERIS, and an award of :

A. Lost wages suffered by the Plaintiff due to his incarceration;

B. Physical and emotional pain and suffering.

C. Punitive damages.

D. An award of attorney's fees pursuant to section 1988 and the Equal Access to Justice Act Subsections (b) and (d).

Respectfully submitted,

/s Brian L. Polinske
Attorney for Plaintiff