IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARCUS SMITH.

　　　　　Plaintiff,

　　vs.

JASON PRINDABLE, SANELA KONJEVIC,

　　　　　Defendants.

Case No. 13-cv-01174-SMY-PMF

**MEMORANDUM AND ORDER**

　　　　　This matter comes before the Court on Defendant Konjevic's Motion to Dismiss (Doc. 29) and Motion for Summary Judgment (Doc. 31).　For the following reasons, Defendant's Motion for Summary Judgement is **GRANTED** in its entirety.　Defendant's Motion to Dismiss is **DENIED AS MOOT.**

　　　At the time of the events giving rise to this action, Defendant Jason Prindable was employed as a police officer for the Illinois State Police and was a member of the task force "Working Against Violent Elements" (W.A.V.E.).　W.A.V.E. is comprised of federal, state and local law enforcement agents operating in the Southern District of Illinois. (Doc. 11-2).　Defendant Sanela Konjevic was employed by the Federal Bureau of Investigations and also worked with W.A.V.E. (Doc. 11-2).

　　　On March 15, 2012, Plaintiff was a passenger in the front seat of a vehicle driven by Deonte Billups at the intersection of 37th at Caseyville Ave. in East St. Louis, Illinois. (Doc. 11-2). At the time, Jason Prindable and Sanela Konjevic were on duty and conducted a traffic stop of the vehicle. (Doc. 11-2).　Defendants approached the vehicle along with other officers.　(Doc. 11-2). Upon approaching the vehicle and looking inside, the officers saw a handgun located under the driver's seat (Doc. 2-2). The officers immediately backed away and moved into a formation

1

around the vehicle.   (Doc. 39-Exh C).   At this point, Billups accelerated forward striking Prindable.  (Doc. 39-Exh A&B).  Prindable and Konjevic then fired 11 rounds into the vehicle ), and striking Plaintiff five 5 times. (Doc. 39-Exh A).

Until Billups put his hands on the steering wheel and began to drive away, both occupants of the vehicle had their hands in the air in compliance with the officers' directions (Doc. 39-Exh A). Plaintiff's hands remained in the air above his head until he lowered them to release his seat belt and open the door.  (Doc. 39-Exh A).  The vehicle appeared to travel less than 20 feet. (Doc. 39-Exh G). Plaintiff was arrested, handcuffed, and taken to the hospital. (Doc. 39-Exh A).

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).   The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.   In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).

For her motion, Defendant contends that she is entitled to qualified immunity. To determine whether qualified immunity exists, the court must use a two-step approach: first, the court must ask "whether a constitutional right would have been violated" based on the plaintiff's version of

the facts; if so, the court then asks "whether the right was clearly established." *Saucier v. Katz*, 533 U.S. 194, 200 (2001).

All claims that law-enforcement officers used excessive force are analyzed under the Fourth Amendment's "reasonableness" standard. See *Graham v. Connor*, 490 U.S. 386 (1989); *Tennessee v. Garner*, 471 U.S. 1 (1985). The inquiry requires analyzing the totality of the circumstances. *Id.* This is analyzed from the perspective "of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* A police officer may use deadly force only to seize a fleeing felon who has committed a violent crime or who presents an immediate danger to the officer or others. *Tennessee v. Garner*, 471 U.S. 1, 11, 105 S.Ct. 1694, 1701, 85 L.Ed.2d 1 (1985)

In *Estate of Starks v. Enyart*, an officer stepped in front of a vehicle driven by a fleeing suspect. 5 F.3d 230. 232 (7th Cir. 1993). Officers then fired on the suspect, and he died of his wounds. *Id.* It was held that the officers' actions were not reasonable because the officer stepped in front of the vehicle after it was moving, and the officer was responsible for creating the risky situation. *Id.* However, the Court recognized that;

> On the other hand, if Black was in the path of the car before the car started forward or if the factfinder concludes that Starks could have braked but chose not to, then the three defendants reasonably responded to Starks' acceleration toward Black. Starks would have threatened the life of a police officer, and reasonable officers could believe that the use of deadly force was appropriate.

*Id.* at 234. This is the situation that occurred in this case. The evidence offered by Plaintiff does not contradict the fact that Prindable was in the path of the vehicle before the driver accelerated towards him and struck him. The evidence on the record further shows that Defendant Konjevic reasonably believed that Prindable was in danger. Given those facts, the Court finds that the officer's actions in employing deadly force did not violate Plaintiff's constitutional rights.

Even assuming Defendant Konjevic's actions did violate Plaintiff's Fourth Amendment rights, she would still be entitled to summary judgment based on qualified immunity because it has not been shown that she violated a statutory or constitutional right that was clearly established. *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014). A Defendant can only be said to have violated a clearly established right "if the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Id*. In other words, "existing precedent must have placed the statutory or constitutional question" confronted by the official "beyond debate." *Id*.

In *Brosseau v. Haugen*, 543 U.S. 194 (2004) it was held that a police officer did not violate clearly established law when she fired at a fleeing vehicle to prevent possible harm to "other officers on foot who [she] believed were in the immediate area, ... occupied vehicles in [the driver's] path[,] and ... any other citizens who might be in the area." *Id*. The Court further held that decisions regarding the reasonableness of lethal force as a response to vehicular flight depend "very much on the facts of each case" and that the cases "by no means 'clearly establish[ed]' that [the officer's] conduct violated the Fourth Amendment." *Id*.

In *Plumhoff v. Rickard*, 134 S. Ct. 2012 (2014), officers employed deadly force against a vehicle in a high-speed chase. *Id*. at 2021. During that chase, the plaintiff passed more than two dozen other vehicles, several of which were forced to alter course. *Id*. The plaintiff's car eventually collided with a police car and came temporarily to a near halt. *Id*. Less than three seconds later, however, the plaintiff resumed maneuvering his car. *Id*. Just before the shots were fired, the plaintiff spun his wheels as though accelerating and then threw the car into reverse "in an attempt to escape." *Id*. The Court held that the officers acted reasonably under the Fourth Amendment in using deadly force to apprehend the suspect. *Id*.

In order for Plaintiff to defeat qualified immunity in this case, he must show either (1) that the officers' conduct was distinguishable from the conduct in *Brosseau* and *Plumhoff* or (2) that since the holdings in *Brosseau* and *Plumhoff* there emerged either " 'controlling authority' " or a "robust 'consensus of cases of persuasive authority.' " *Plumhoff*, 134 S. Ct. at 2023. Plaintiff has not made either showing. In *Brosseau*, an officer on foot fired at a driver who had just begun to flee and who had not yet driven his car in a dangerous manner. Here, the vehicle was already heading for and did eventually strike an officer in its path. Plaintiff states that officers fired 11 shots, but he has not shown that it was clearly established that the number of shots fired under the circumstances, rendered the use of force excessive. Accordingly, the Court finds that the Fourth Amendment did not prohibit Defendant Konjevic from using deadly force to stop the vehicle as it accelerated forward towards another officer. In the alternative, Defendant Konjevic is entitled to qualified immunity for her conduct because it did not violate any clearly established law. Therefore, the Court **GRANTS** summary judgment as to Counts II and V of Plaintiff's Amended Complaint.

The remaining counts address Plaintiff's false arrest claim. In order to prevail on a false arrest cause of action, the plaintiff must prove that he was restrained or arrested by the defendant, and the defendant acted without reasonable grounds to believe that an offense was committed. *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 474, 564 N.E.2d 1222, 1231 (1990). To be deemed reasonable, a warrantless arrest made in public must be supported by probable cause. *United States v. Watson*, 423 U.S. 411, 414–24 (1976). Therefore, the existence of probable cause is an absolute defense to a claim for false arrest. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir.2006).

Probable cause to arrest exists if the totality of the circumstances known to the officer at the time of the arrest would warrant a reasonable person in believing that the arrestee had committed, was committing, or was about to commit a crime. *Abbott v. Sangamon County, Ill.*, 705 F.3d 706, 714 (7th Cir.2013).  The existence of probable cause is a question of law to be answered by the Court. *Beck v. State of Ohio*, 379 U.S. 89, 96, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). A finding of probable cause does not require that the alleged facts amount to proof of the plaintiff's guilt but rather that the facts are sufficient to support the defendant's suspicion that the plaintiff committed the crime of Unlawful Use of a Weapon under 720 ILCS 5/24-1(4). *See Woods v. City of Chi.*, 234 F.3d 979, 996 (7th Cir.2000).

At the time of the incident giving rise to the instant case, 720 ILCS 5/24-1(4) provided that it was an A misdemeanor when a person knowingly:

> (4) Carries or possesses in any vehicle or concealed on or about his person except when on his land or in his own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm, except that this subsection (a) (4) does not apply to or affect transportation of weapons that meet one of the following conditions:
> (i) are broken down in a non-functioning state; or
> (ii) are not immediately accessible; or
> (iii) are unloaded and enclosed in a case, firearm carrying box, shipping box, or other container by a person who has been issued a currently valid Firearm Owner's Identification Card.

720 ILCS 5/24-1(d) states further that:

> (d) The presence in an automobile other than a public omnibus of any weapon, instrument or substance referred to in subsection (a)(7) is prima facie evidence that it is in the possession of, and is being carried by, all persons occupying such automobile at the time such weapon, instrument or substance is found . . .

Plaintiff admitted in his deposition that he was aware there was a gun in the car. He further agreed that the gun was about a foot and a half from him in the vehicle.  The facts

6

currently before the Court indicate that the officers were able to see the firearm clearly from outside the vehicle and that they saw that it was in the vicinity of the plaintiff. As such, Defendant Konjevic had probable cause to arrest the plaintiff for Unlawful Use of a Weapon.[1] For the foregoing reasons, Defendant's motion is **GRANTED** as to Counts IV and VI of Plaintiff's Amended Complaint.

Defendant's Motion to Dismiss (Doc. 29) is **DENIED** as **MOOT**.  As no claims remain pending against Defendant Konjevic, the Court **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

**DATED:** April 22, 2015

_/s/_ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**

---

[1] Plaintiff's assertion that the weapon was inaccessible to him would have no effect on the Court's determination as inaccessibility is an affirmative defense to Unlawful Use of a Weapon. *People v. Bastien*, 312 N.E.2d 795 (1974). The existence of an affirmative defense to the underlying charge has no bearing on the probable cause analysis. *Humphrey v. Staszak*, 148 F.3d 719, 724 (7th Cir.1998)