IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARCUS SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 13-CV-1174-SMY-PMF |
| | ) |
| **JASON PRINDABLE,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Defendant Jason Prindable's Motion to Submit Special Interrogatories to the Jury (Doc. 69). For the foregoing reasons, the Motion is **DENIED**.

Pursuant to Rule 49(b) of the Federal Rules of Civil Procedure, the Court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact. *See* Fed.R.Civ.P. 49(b). The decision whether to use special interrogatories, as authorized by Rule 49(b), "is committed to the discretion of the trial judge, the exercise of which basically is unreviewable." 9 A Wright & Miller, *Fed. Practice & Procedure: Civil 2d* § 2511 (1995).

Here, Defendant's proposed special interrogatories will not aid the Court in determining material facts necessary to the resolution of a qualified immunity defense. *See McGaughey v. City of Chicago*, 690 F. Supp. 707, 708 (N.D. Ill. 1988) (concluding that special interrogatories, designed to elicit the same factual findings the jury must address in its findings on the issue of probable cause, were not necessary to assist the Court on a motion for judgment notwithstanding the verdict on the issue of qualified immunity). As such, the proposed special interrogatories

2

may only serve to confuse the jury. Accordingly, Defendant's motion for special interrogatories on the issue of qualified immunity is denied.

**IT IS SO ORDERED.**

**DATED:  October 7, 2015**

<u>s/ Staci M. Yandle</u>
**STACI M. YANDLE**
**United States District Judge**